| B1 Official Form 1 (1/08) | UNITED STATES BANKRUPTCY COURT NORTHERN EASTERN DISTRICT OF ILLINOIS | **Voluntary Petition** |
|---|---|---|

| Name of debtor (if individual, enter Last, First, Middle): **Piatek, David** | Name of Joint Debtor (Spouse)(Last, First, Middle) , |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec or Individual Taxpayer I.D (ITIN) No./Complete EIN (if more than one, state all ▨▨▨▨▨4182 | Last four digits of Soc. Sec. or Individual Taxpayer I.D (ITIN) No./Complete EIN (if more than one, state all: |
| Street Address of Debtor (No. & Street, City, State, & Zip Code) 5201 North Marmora Avenue Chicago Il 60630-1120 | Street Address of Joint Debtor (No. & St., City, State, & Zip Code) |
| County of Residence or of the Principal Place of Business: Cook | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address above): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor (if different from street address above): | |

| **Type of Debtor** (Form of Organization) (Check one box) | **Nature of Business** (Check one box) | **Chapter of Bankruptcy Code Under Which the Petition is filed (Check one box)** |
|---|---|---|
| ☒ Individual (Inc. joint debtors *See Exhibit D on pg 2 of form.*) ☐ Corporation (Inc. LLC, LLP) ☐ Partnership ☐ Other: (If the debtor is not one of the above entities, check this box and state type of entity below) ─── | ☐ Health Care Business ☐ Single Asset Real Estate as defined in 11 U.S.C. 101 (51B) ☐ Railroad ☐ Stockbroker ☐ Commodity Broker ☐ Clearing Bank ☐ Other **Tax Exempt Entity:** ☐ Debtor is a tax exempt org. per 26 U.S.C. (Int. Revenue Code) | ☒ Chapter 7    ☐ Chapter 15 Petition for Recognition of a ☐ Chapter 9        Foreign Main Proceeding ☐ Chapter 11  ☐ Chapter 15 Petition for Recognition of a ☐ Chapter 12        Foreign Nonmain Proceeding ☐ Chapter 13 **Nature of Debts** (Check one box) ☒ Debts are primarily Consumer debts, defined in 11 U.S.C. 101(8) as "incurred by an individual primarily for a personal, family or household purpose" ☐ Debts are primarily Business debts |

| **Filing Fee** (Check one box) | **Chapter 11 Debtors** |
|---|---|
| ☒ Full Filing Fee attached ☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(e). See Official Form No. 3A. ☐ Filing Fee waiver requested (Applicable to Chapter 7 individuals only) Must attach signed application for the court's consideration. See Official Form 3B. | Check one box: ☐ Debtor is a small business as defined in 11 U.S.C. 101 ☐ Debtor is Not a small business as defined in 11 U.S.C. 101 Check if applicable: ☐ Debtor's aggregate noncontingent liquidated debts owed to noninsiders or affiliates are less than $2,190,000. ☐ A plan is being filed with this petition. ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. 1126(b). |

**Statistical/Administrative Information** (estimates only)

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.

☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY.

Estimated Number of Creditors

| 1-49 | ☒ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1000-5000 | ☐ 5001-10000 | ☐ 10001-25000 | ☐ 25001-50000 | ☐ 50001-10000 | ☐ Over 100000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☒ $0 – $50,000 | ☐ $50001 - $100000 | ☐ $100000 - $500000 | ☐ $500001- $1 million | ☐ $1,000,001 - $10 million | ☐ $10,000,001- $50 million | ☐ $50,000,001- $100 million | ☐ $100,000,001 -$500,000,000 | ☐ $500,000,001 - $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 – $50,000 | ☐ $50001 - $100000 | ☒ $100000 - $500000 | ☐ $500001- $1 million | ☐ $1,000,001 - $10 million | ☐ $10,000,001- $50 million | ☐ $50,000,001- $100 million | ☐ $100,000,001 -$500,000,000 | ☐ $500,000,001 - $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Form Published by: Law Disks, 734 Franklin Avenue, Garden City, NY 11530    www.lawdisks.com

| **Voluntary Petition** (This page must be completed and filed in every case.) | Name of Debtor(s): David Piatek | **FORM B1, Page 2** |
|---|---|---|

| **All Prior Bankruptcy Case Filed Within Last 8 Years** (if more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where filed: | Case Number: | Date Filed: |
| Location Where filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if the Debtor is required to file periodic reports (e.g., forms 10K and 10Q with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if Debtor is an individual whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter.<br>I further certify that I have delivered to the debtor the notice required by §342 of the Bankruptcy Code.<br><br>X  /s/ Keil M. Larson<br>Keil M. Larson, Attorney for Debtor(s) |

| **Exhibit C** | **Exhibit D Certification Re Credit Counseling** |
|---|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br>☐ Yes, and Exhibit C is attached and made part of this petition.<br>☒ No | To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D<br>☒ Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br><br>☐ Exhibit D completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue** |
|---|
| (Check any applicable box) |
| ☒     Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☐     There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |
| ☐     Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court ] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Statement by a Debtor Who Resides as a Tenant of Residential Property** |
|---|
| Check all applicable boxes. |
| ☐ Landlord has a judgment against the debtor for possession of the debtor's residence. (If box checked, complete the following.) |
| _____<br>(Name of landlord that obtained judgment)<br><br>_____<br>(Address of landlord) |
| ☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |
| ☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

| **Voluntary Petition** | Name of Debtor(s): | **FORM B1, Page 3** |
| (This page must be completed and filed in every case.) | , | |

### Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of A Foreign Representative of a Recognized Foreign Proceeding** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. [If the petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign main proceeding, and that I am authorized to file this petition. (Check only one box) |
| | ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by § 1515 of title 11 are attached. |
| X **/s/ David Piatek** | ☐ Pursuant to §1511 of title 11, United States Code, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign proceeding is attached. |
| David Piatek, Debtor | |
| X | X |
| , Joint Debtor | (Signature of Foreign Representative) |
| Telephone Number (If not represented by attorney) | (Printed Name of Foreign Representative) |
| Date: | (Date) |

| **Signature of Attorney\*** | **Signature of Non-Attorney Petition Preparer** |
|---|---|
| X /s/ Keil M. Larson | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section. Official Form 19B is attached. |
| Signature of Attorney for Debtor(s) | |
| Print below: Attorney Name, Firm, Address, Telephone No: Keil M. Larson  6190051 Keil M. Larson 800 N Clark Street #222 Chicago, Illinois 60610 312-664-9300 | |
| | Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer |
| Date: | Social Security number (If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.) (Required by 11 U.S.C. § 110.) |
| \* In a case to which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | |
| | Address X |
| **Signature of Debtor (Corporation/Partnership)** | Signature of Bankruptcy Petition Preparer or officer, principal, responsible person or partner whose social security number is provided above. |
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. | Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual: |
| The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. X | |
| | If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person. |
| Signature of Authorized Individual | *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |
| X | |
| Printed Name of Authorized Individual | [Publisher's Note:This form is NOT intended to be used by nonattorney bankruptcy-petition preparers: Schedules do NOT contain all disclosures required for use by nonattorney bankruptcy-petition preparers.] |
| X | |
| Title of Authorized Individual | |
| X        Date | |

Form B1, Exhibit C (9/01)

## UNITED STATES BANKRUPTCY COURT
### NORTHERN EASTERN DISTRICT OF ILLINOIS

In re:  **David Piatek,**
        Debtor(s)

                                         Case No:
                                         Chapter:

### Exhibit C to Voluntary Petition

1. Identify and briefly describe all real and personal property owned by or in possession of the debtor that, to the best of the debtor=s knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary).

2. With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety (attach additional sheets if necessary).

B 1D (Official Form 1, Exhibit D) (12/09)

UNITED STATES BANKRUPTCY COURT
NORTHERN EASTERN DISTRICT OF ILLINOIS

In re David Piatek
      Debtor(s)           Case No:

**EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
CREDIT COUNSELING REQUIREMENT**

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

[XX] 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

[] 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

[] 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* __

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

[] Incapacity. (Defined in 11 U.S.C. 109 (h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
[] Disability. (Defined in 11 U.S.C. 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
[] Active military duty in a military combat zone.

[] 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **/S/David Piatek**
Date:

B 1D (Official Form 1, Exhibit D) (12/09)

UNITED STATES BANKRUPTCY COURT
NORTHERN EASTERN DISTRICT OF ILLINOIS

In re David Piatek,
            Debtor(s)                    Case No:

**EXHIBIT D - INDIVIDUAL [JOINT] DEBTOR'S STATEMENT OF COMPLIANCE WITH
CREDIT COUNSELING REQUIREMENT**

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

[] 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

[] 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

[] 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* __

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

[] Incapacity. (Defined in 11 U.S.C. 109 (h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
[] Disability. (Defined in 11 U.S.C. 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
[] Active military duty in a military combat zone.

[] 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Joint Debtor:        /S/
Date:

B 201A (Form 201A) (12/09)

**WARNING: Effective December 1, 2009, the 15-day deadline to file schedules and certain other documents under Bankruptcy Rule 1007(c) is shortened to 14 days. For further information, see note at bottom of page 2**

UNITED STATES BANKRUPTCY COURT

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts:
(1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

### 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

### 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

**Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)**
Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States Truastee (or bankruptcy administrator) the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose

from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

## Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

## Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

## Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**Many filing deadlines change on December 1, 2009. Of special note, 12 rules that set 15 days to act are amended to require action within 14 days, including Rule 1007(c), filing the initial case papers; Rule 3015(b), filing a chapter 13 plan; Rule 8009(a), filing appellate briefs; and Rules 1019, 1020, 2015, 2015.1, 2016, 4001, 4002, 6004, and 6007.**

B 201B (Form 201B) (12/09)

### Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

/s/**David Piatek**

| | |
|---|---|
| Printed Name(s) of Debtor(s) | Signature of Debtor                Date |

/s/

Signature of Joint Debtor (if any)    Date

Case Number (If known):

Certificate of [Non-Attorney] Bankruptcy Petition Preparer (Omitted --Inapplicable)

B6 Summary (Official Form 6 - Summary) (12/07)

UNITED STATES BANKRUPTCY COURT
NORTHERN EASTERN DISTRICT OF ILLINOIS

In re: **David Piatek,**
        Debtor(s)

Case No:
Chapter

SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from schedules A, B, C, D, E, F, G, H, I and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11 or 13.

| NAME OF SCHEDULE | ATTACHED | NO. SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A Real Property | Yes | 1 | $ 0.00 | | |
| B Personal Property | Yes | 3 | $1,053.20 | | |
| C Property Claimed as Exempt | Yes | 1 | | | |
| D Creditors Holding Secured Claims | Yes | 1 | | $ 0.00 | |
| E Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $ 0.00 | |
| F Creditors Holding Unsecured Nonpriority Claims | Yes | 6 | | $597,407.24 | |
| G Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H Codebtors | Yes | 1 | | | |
| I Current Income of Individual Debtor(s) | Yes | 1 | | | $1,360.00 |
| J Current Expenditures of Individual Debtor(s) | Yes | 2 | | | $ 980.00 |
| Total number of sheets in all Schedules > | | 19 | | | |
| Total Assets > | | | $1,053.20 | | |
| Total Liabilities > | | | | $600,287.24 | |

Form 6 - Statistical Summary (12/07)

UNITED STATES BANKRUPTCY COURT
NORTHERN EASTERN DISTRICT OF ILLINOIS

In re: David Piatek,
          Debtor(s)

Case No:
Chapter

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report the information below.

[] Check this box if you are an individual debtor whose debts are NOT primarily consumer debts, and therefore, are not required to report any information here.

This information is for statistical purposes only under 28 U.S.C. § 159.

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E)(whether disputed or undisputed) | 0 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | 0 |
| Student Loan Obligations (from Schedule F) | 13,000.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0 |
| Obligations to Pension or Profit-sharing, and Other Similar Obligations (from Schedule F) | 0 |
| Total | 13000 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $1,360.00 |
| Average Expenses (from Schedule J, Line 18) | $ 980.00 |
| Current Monthly Income (from Form 22A Line 12, OR Form 22B, Line 11; OR Form 22C Line 20) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ 0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 2,880.00 | |
| 3 Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column. | | $ 0.00 |
| 4. Total from Schedule F | | $597,407.24 |
| 5. Total of non-priority unsecured debt (sum of 1,3 and 4) | | 597407.24 |

In re David Piatek,   Debtor(s)  Case No.

B6A (Official Form 6A) (12/07)

## SCHEDULE A- REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers excercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H","W","J", or "C" in the third column labeled "Husband, Wife, Joint or Community." if the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a security interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C—Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSB WIFE JOINT COM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| none | | | | |
| | | | $ 0.00 | TOTAL |

In re David Piatek,   Debtor(s)  Case No.

B6B (Official Form 6B) (12/07)

SCHEDULE B— PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None."  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C— Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G— Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSB. WIFE JOINT COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTION OF ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | $200.00 | | $200.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Bk of America | | 3.20 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | 0 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Household goods | | 100.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Books at home school books | | 500.00 |
| 6. Wearing apparel. | | clothes at home | | 250.00 |
| 7. Furs and jewelry. | X | | | 0 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | 0 |
| 9. Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | X | | | 0 |
| 10. Annuities.  Itemize and name each issuer. | X | | | 0 |
| 11.Interest in an education IRA as defined in 26 U.S.C. 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. 529(b)(1). Give particulars. (File separately the record(s) of any such interests. 11 U.S.C. 523(c) Rule 1007(b) | X | | | 0 |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans.  Itemize. | X | | | 0 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | 0 |

In re David Piatek, Debtor(s) Case No.

| | | | | | |
|---|---|---|---|---|---|
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | | 0 |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | | 0 |
| 16. Accounts receivable. | X | | | | 0 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | | 0 |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | | 0 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | | 0 |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | | 0 |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | | 0 |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | | 0 |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | | 0 |
| 24. Consumer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. 101(41A) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family or household purposes. | X | | | | 0 |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | | 0 |
| 26. Boats, motors, and accessories. | X | | | | 0 |
| 27. Aircraft and accessories. | X | | | | 0 |
| 28. Office equipment, furnishings, and supplies. | X | | | | 0 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | | 0 |
| 30. Inventory. | X | | | | 0 |
| 31. Animals. | X | | | | 0 |
| 32. Crops— growing or harvested. give particulars. | X | | | | 0 |
| 33. Farming equipment and implements. | X | | | | 0 |

In re David Piatek,   Debtor(s)   Case No.

| | | | | |
|---|---|---|---|---|
| 34. Farm supplies, chemicals, and feed. | X | | | 0 |
| 35. Other personal property of any kind not already listed. Itemize | X | | | 0 |
| | | ___ continuation sheets attached | Total: | **$1,053.20** |

Include amounts from any continuation sheets attached.
Report also on Summary of Schedules.

In re David Piatek,    Debtor(s)   Case No.

B6C (Official Form 6C) (12/07)

SCHEDULE C— PROPERTY CLAIMED AS EXEMPT

Debtor(s) elect(s) the exemption to which the debtor(s) is entitled under:

Check one box:
[] 11 U.S.C. §522(b)(2)
[X] 11 U.S.C. §522(b)(3)

[] Check if debtor claims a homestead exemption that exceeds $136,875.

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Market Value of Property Without Deducting Exemptions |
|---|---|---|---|
| Bk of America, Cash | 735 ILCS 5/12-1001 | 203.20. | 203.20 |
| Household goods | 735 ILCS 5/12-1001 | 100.00 | 100.00 |
| Books at home school books | 735 ILCS 5/12-1001 | 500.00 | 500.00 |
| clothes at home | 735 ILCS 5/12-1001 | 250.00 | 250.00 |

In re David Piatek,   Debtor(s)   Case No.

B6D (Official Form 6D) (12/07)

SCHEDULE D— CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and the last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H— Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H," "W," "J," or "C," in the column labeled "Husband, Wife, Joint or Community" (Abbreviated: H,W,J,C).

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is Disputed, place an "X" in the column labeled Disputed. You may need to place an X in more than one of these three columns.

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, If Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data."

[x]     Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including Zip Code | CODEBTOR | HWJC | Date Claim Was Incurred, Nature of Lien, and Description and Value of Property Subject to Lien | CONTINGENT | UNLIQUIDATED | DISPUTED | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion If Any |
|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  | 0 | 0 |
|  |  |  | Totals > |  |  |  | $ 0.00 | $ 0.00 |

(Report total also on Summary of Schedules)

(If Applicable, report also on Statistical Summary of Certain Liabilities and Related Data)

In re David Piatek,  Debtor(s) Case No.
B6E (Official Form 6E) (12/07)

## SCHEDULE E— CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and the last four digits of the account number, if any, of all entities holding priority claims against the debtor or property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity in the appropriate schedule of creditors, and complete Schedule HC Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an X in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this Total also in the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 or 13 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

[ ]  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

[ ]  **Domestic Support Obligations**

Claims for domestic support that are owed to or are recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian or responsible relative of such a child or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. 507(a)(1).

[ ]  **Extensions of credit in an involuntary case.**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. 507(a)(3).

[ ]  **Wages, salaries, and commissions**

Wages, salaries and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,9500* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. 507(a)(4).

[ ]  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. 507(a)(5).

[ ]  **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to a maximum of $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. ' 507(a)(6).

[ ]  **Deposits by individuals**

In re David Piatek, Debtor(s) Case No.

Claims of individuals up to a maximum of $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family or household use, that were not delivered or provided. 11 U.S.C. 507(a)(7).

[ ] **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, custom duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. 507(a)(8).

[ ] **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. ' 507(a)(9).

[ ] **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessal while the debtor was intoxicated from using alcohol, a drug or other substance.

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced after the date of adjustment.

Type of Priority for Claims Listed on this Sheet

| Creditor's Name and Mailing Address Including Zip Code | C O D E B T O R | H W J C | Date Claim Was Incurred, and Consideration for Claim | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | Amount of Claim | Amount Entitled to Priority | Amount Not Entitled to Priority, If Any |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | 0 |
| **TOTALS >** | | | | | | | | | $ 0.00 |

(Report total also on Summary of Schedules)
(If Applicable, report also on Statistical Summary of Certain Liabilities and Related Data)

In re David Piatek,   Debtor(s)  Case No.
B6F (Official Form 6F) (12/07)

## SCHEDULE F— CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity in the appropriate schedule of creditors, and complete Schedule H— Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC" for "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "CONTINGENT." If the claim is unliquidated, place an "X" in the column labeled "UNLIQUIDATED." If the claim is disputed, place an "X" in the column labeled "DISPUTED." You may need to place an X in more than one of these three columns.

Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also in the Summary of Schedules.

[ ]      Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| Creditor's Name and Mailing Address Including Zip Code | CODEBTOR | HWJC | Date Claim Was Incurred And Consideration for Claim If Claim is Subject to Setoff, so State | CONTINGENT | UNLIQUIDATED | DISPUTED | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Washington Mutual 4185-8649-1164-1300 PO Box 603  Dept 12421 Oaks, PA  19456 | | | | | | | 34,000 |
| HSBC Bank Nevada  NA 6011-3810-1217-9956 8014 Bayberry Road Jacksonville, FL  32256 | | | | | | | 3748.56 |
| Juniper 13778780 4285 Genesee St Cheektowaga, NY  14225 | | | | | | | 1629.95 |
| HSBC 4663-0900-1350-3180 3000 Corporate Exchange Drive Columbus, OH  43231 | | | | | | | 1116.23 |
| Capital One 4791-2423-1251-6324 455 North 3rd Street  #260 Phoenix, AZ  85004 | | | | | | | 1207.76 |
| Citibank 5424-1806-1847-8884 661 Glenn Avenue Wheeling, Il  60090-6017 | | | | | | | 1793.68 |

In re David Piatek,    Debtor(s)    Case No.

| | | | | | | |
|---|---|---|---|---|---|---|
| Chase<br>4246-3151-3997-6060<br>726 Exchange St  #700<br>Buffalo, NY  14210 | | | | | | 1679.88 |
| Chase<br>5401-6830-4552-8640<br>8014 Bayberry Rd<br>Jacksonville, FL  32256 | | | | | | 566.69 |
| 1st Primier Bank Card<br>5178-0078-0164-8312<br>601 S Minnesota Ave<br>Sioux Falls, SD  57104 | | | | | | 407.90 |
| Orchard Bank<br>5120-2550-0891-4290<br>PO Box 390846<br>Minneapolis, MN  55439 | | | | | | 0 |
| Citifinancial Auto<br>4358690801<br>PO Box 9575<br>Coppell, TX  75019-9575 | | | | | | 41752.00 |
| Resurrection Medical Center<br>C0809201069<br>7435 West Talcott Ave<br>Chicago, Il  60631 | | | | | | 150.29 |
| Washington Mutual Checking<br>00303410 0000 5100 57<br>JP Morgan Bank<br>Batton Rouge  LA  70801 | | | | | | 441.75 |
| Ultimate Martial Arts Inc.<br>3922 Touhy Avenue<br>Lincolnwood, Il  60712-1028 | | | | | | 645.00 |
| Dr. Cooper Dental c/o Westwood Mgmt<br>351125<br>95 Hamel Rd<br>Medina, MN  55340 | | | | | | 292.25 |
| AT&T c/o ER Solutions INc<br>282976823<br>800 SW 39th Street<br>Renton, WA  98057 | | | | | | 374.74 |
| Sprint c/o Allied Interstate Inc.<br>15528131<br>3111 S Dixie Hwy  $101<br>West Palm Beach, FL  33405 | | | | | | 3431.38 |
| Chase<br>695167254<br>Chase Special<br>Batton Rouge, LA  70801 | | | | | | 3092.31 |
| Chase c/o Mitchell N Kay PC<br>84149515<br>7 Penn Plaza<br>NY, NY  10001 | | | | | | 441.75 |
| Chicago Health & Physical Therapy<br>Center<br>113535<br>5545 W Montrose Avenue<br>Chicago, Il  60641 | | | | | | 59.71 |

In re David Piatek,   Debtor(s) Case No.

| | | | | |
|---|---|---|---|---:|
| XM Satellite c/o Collection company of America<br>1-5416096678<br>700 Longwater Drive<br>Norwell, MA 02061 | | | | 169.00 |
| Wells Fargo c/o Midland Credit Management<br>24791020<br>8875 Aero Drive Suite 200<br>San Diego, CA 92123 | | | | 94.98 |
| A & B Appraisal Services<br>PO Box 364<br>Gurnee, IL 60031 | | | | 10,000.00 |
| ADT Security Services<br>01200 132908242<br>PO Box 371967<br>Pittsburg, PA 15250 | | | | 1835.89 |
| Verizon c/o Afini<br>022907893-01<br>PO Box 3517<br>Bloomington, IL 61702 | | | | 47.89 |
| At&T c/o Franklin Collections Service<br>01-014989761<br>PO Box 2300<br>Tupelo, CA 92857 | | | | 591.88 |
| AT&T c/o Fidelity National Credit Service<br>312-421-2144919 I<br>PO Box 3051<br>Orange, CA 92857 | | | | 48.24 |
| BP Proprietary Oil<br>4988116291<br>PO Box 70887<br>Charlotte, NC 28272 | | | | 1547.50 |
| Castle Appraisal<br>1111 N Williams Drive<br>Palatine, IL 60074 | | | | 2500 |
| Comcast Cable c/o Friedman & Wexler LLC<br>8798 3000 4766 1880<br>500 W Madison Street #450<br>Chicago, Il 60661 | | | | 685.49 |
| ComED<br>7357171028<br>PO Box 805398<br>Chicago, IL 60680 | | | | 356.25 |
| ComEd<br>7357168012<br>PO Box 805398<br>Chicago, Il 60680 | | | | 736.02 |
| Citywide Appraisals INc<br>6 S Laflin Street #722<br>Chicago, Il 60607 | | | | 3450.00 |

In re David Piatek,   Debtor(s)  Case No.

| | | | | |
|---|---|---|---|---|
| Corporate Express c/o RMC<br>14875069<br>PO Box 2471<br>Woburn, MA  01888-0871 | | | | 414.15 |
| Cynergy Data<br>3899 0000 0044 7700<br>30-30 47th Avenue<br>Long Island City, NY 11101 | | | | 412.56 |
| Dell c/o American Recovery Service<br>5953778<br>555 St. Charles Dr. #100<br>Thousand Oaks, CA  91360 | | | | 18490.40 |
| DHL Express<br>853569570<br>1200 S Pine Island Rd #600<br>Plantation, FL  33324 | | | | 1331.21 |
| Equifax Mortgage Solutions<br>821745<br>PO BOX 105835<br>Atlanta, GA  30348 | | | | 12,0000.00 |
| Equifax Credit Marketing Services<br>8773<br>PO Box 945510<br>Atlanta, GA  30394 | | | | 60,000.00 |
| Experian<br>00037958  00038963<br>475 Anton Blvd<br>Costa Mesa, CA  92626 | | | | 8,363.75 |
| 1st Equity Card c/o ARSI<br>498808200-0838-4728<br>555 St Charles Drive #100<br>Thousand Oaks, CA  91360 | | | | 998.16 |
| GE Captial c/o Kenneth Schivone<br>84849<br>1942 Lexington Avenue North Suite 1<br>Roseville, MN  55113 | | | | 1994.43 |
| Home Depot Commercial<br>6035 3220 1323 1730<br>PO Box 66768<br>Houston, TX  77266 | | | | 3,486.08 |
| Indymac Bank<br>123618603/Wuesdada<br>700 North Brand Blvd #830<br>Glendale, CA  91203 | | | | 124,137.14 |
| JP Morgan Chase c/o Leading Edge<br>9310860<br>5440 N Cumberland Ave #300<br>Chicago, IL  60656 | | | | 602.24 |
| KBSfax.com<br>2694 American Lane<br>Elk Grove, Il  60007 | | | | 526.76 |
| Kroll Facutal Data c/o Advantage Group<br>1407 IL 0300<br>215 Pitkin Ave<br>Grand Junction, CO  81501 | | | | 4739.08 |

In re David Piatek, Debtor(s) Case No.

| | | | | | | |
|---|---|---|---|---|---|---|
| Landsafe c/o Avadanian & Adler<br>82658<br>6001 Broken Sound Parkway NW #404<br>Boka, FL 33487 | | | | | | 478.00 |
| Peoples' Gas<br>6 500 4953 1529 & 4854 3336 & 4953<br>1463<br>130 East Randolph Dr<br>Chicago, Il 60601 | | | | | | 1,000.00 |
| Rico Customer Service<br>20024154 900-0084252<br>PO Box 73213<br>Chicago, IL 60673 | | | | | | 30,000.00 |
| XO Communication c/o Access<br>Receivables<br>004 000 0000 19095<br>PO Box 9801<br>Towsom, MD 21284 | | | | | | 2,136.31 |
| Nology Teamworks Media<br>954 W Washington Blvd 6th floor<br>Chicago, Il 60607 | | | | | | 200.00 |
| Fannie Mae<br>47952<br>6000 Feldwood Road<br>College Park, GA 30349 | | | | | | 47952 |
| BAC Appraisals Inc.<br>28371 Davis Parkway #101<br>Warrenville, Il 60555 | | | | | | 4,500.00 |
| Business Express<br>7400 N Waukegan Rd<br>Niles, IL 60714 | | | | | | 600.00 |
| Capital One<br>4791 2423 1251 6324<br>PO Box 60024<br>City of Industry, CA 91716 | | | | | | 2000 |
| Sandcastle Management & Realty<br>PO Box 340<br>Northbrook, IL 60065 | | | | | | 1000 |
| Anna Chaves<br>728 W 21st Street<br>Chicago, Il 60616 | | | | | | 4,500.00 |
| Claire Esparaza-Reyes<br>1917 Kenilworth Avenue<br>Berwyn, Il 60402 | | | | | | 4,000.00 |
| Lindsay De Leon<br>4920 N Springfield<br>Chicago, Il 60625 | | | | | | 900.00 |
| Marcus Whiteside<br>1440 W Rosemont Avenue<br>Chicago, Il 60660 | | | | | | 750.00 |
| Michael Perez<br>923 Kings Canyon Dr<br>Streamwood, Il 60107 | | | | | | 10,000.00 |
| Timothy Allen<br>1927 W Irving Park Rd #4<br>Chicago, Il 60613 | | | | | | 10,000 |

In re David Piatek,   Debtor(s)   Case No.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| The Student Loan Corporation<br>5004798051322 20<br>PO Box 6615<br>The Lakes, NV  88901 | | | | | | | 13000 |
| Shari E Suleiman<br>08-002883<br>3775 Maple Avenue<br>Northbrook, Il  60062 | | 2008 | | | | | 975.00 |
| State of Illinois Dept of Labor<br>08-2883; 07-6404; 07-6257<br>160 N La Salle Street #C-1300<br>Chicago, Il  60601-3150 | | 2007-2008 | | | | | 3,000 |
| State of Illinoi Atty General for Labor<br>100 W Randolph Street  13floor<br>Chicago, Illinois  60601 | | | | | | | 2008 |

**TOTAL >**   | $603,390.24

(Report total also on Summary of Schedules)
(If Applicable, report also on Statistical Summary of Certain Liabilities and Related Data)

In re David Piatek,    Debtor(s)    Case No.
B6G (Official Form 6G) (12/07)

## SCHEDULE G— EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

[] Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State Whether Lease is for Nonresidential real property. State Contract Number of any Government Contract |
|---|---|
| | |

In re David Piatek,   Debtor(s)   Case No.

B6H (Official Form 6H) (12/07)

## SCHEDULE H— CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

[ ] Check this box if debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
| --- | --- |
| Maria Piatek<br>5201 N Marmora Ave<br>Chicago, Il  60630 | CitiFinancial Auto<br>PO Box 183036<br>Columbus, OH  43218 |
| Maria Piatek<br>5201 N Marmora Ave<br>Chicago, IL  60630 | Student Loan Corporation<br>PO Box 6615<br>The Lakes, NV  88901 |

In re David Piatek,   Debtor(s)   Case No.

B6I (Official Form 6I) (12/07)

### SCHEDULE I— CURRENT INCOME OF INDIVIDUAL DEBTORS

T The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on From 22A, 22B, or 22C.

| Debtor's Marital Status: | Dependents of Debtor and Spouse | | |
|---|---|---|---|
| Single | RELATIONSHIP | | AGE |

| EMPLOYMENT: | Debtor | Spouse |
|---|---|---|
| Occupation, Name of Employer: | US Army | |
| How long employed: | 1 year | |
| Address of employer: | Pentagon, Washington DC | |

| INCOME (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Pro rate if not paid monthly) | 1360.00 | |
| 2. Estimated monthly overtime | | |
| 3. SUBTOTAL | $1,360.00 | $ 0.00 |
| 4. LESS PAYROLL DEDUCTIONS<br> a. Payroll taxes and Social Security | | |
| b. Insurance | | |
| c. Union dues | | |
| d. Other (Specify:) | | |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $1,360.00 | $ 0.00 |
| 7. Regular income from operation of business/profession/farm (attach statement) | | |
| 8. Income from real property | | |
| 9. Interest and dividends | | |
| 10. Alimony, maintenance, or support payments payable to the debtor for the debtor's use or that of the dependents listed above | | |
| 11. Social security or other governmental assistance Specify: | | |
| 12. Pension or retirement income | | |
| 13. Other monthly income (Specify): | | |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 0.00 | $ 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $1,360.00 | $ 0.00 |

| 16. **COMBINED AVERAGE MONTHLY INCOME** | $1,360.00 | (Report also on Summary of Schedules and Statistical Summary of Certain Liabilities, Data) |
|---|---|---|

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document.
   None

In re David Piatek,   Debtor(s) Case No.

B6J (Official Form 6J) (12/07)

## SCHEDULE J— CURRENT EXPENDITURES OF INDIVIDUAL DEBTORS

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.
Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form
may differ from the deductions from income allowed on Form22A or 22C.

[ ] Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---|
| 1 Rent, home mortgage, or mobile-home lot rent | Are real estate taxes included? Yes ____ No ____<br>Is property insurance included? Yes ____ No ____ | 0 |
| 2 Utilities | | |
| a Electricity and heating fuel | | 0 |
| b Water and sewer | | 0 |
| c Telephone | | 80 |
| d Other: | | 0 |
| 3 Home Maintenance (repairs and upkeep) | | 0 |
| 4 Food | | 400 |
| 5 Clothing | | 0 |
| 6 Laundry, dry cleaning | | 0 |
| 7 Medical and dental expenses | | 0 |
| 8 Transportation (not including car payments) | | 100 |
| 9 Recreation, clubs, entertainment, newspapers, magazines, etc | | 0 |
| 10 Charitable contributions | | 0 |
| 11 Insurance (not deducted from wages or included in home mortgage payments | | |
| a Homeowner's or renter's | | 0 |
| b Life | | 0 |
| c Health | | 0 |
| d Auto | | 0 |
| e Other insurance: | | 0 |
| 12 Taxes (not deducted from wages or included in home mortgage) Specify: | | 0 |
| 13 Installment payments (in Chapters 11, 12 and 13, do not list payments to be included in the plan) | | |
| a Auto payment: | | 0 |
| b Other payment(s) (List): | | 0 |
| 14 Alimony, maintenance, and support paid to others | | 0 |
| 15 Payments for support of additional dependents not living at your home | | 0 |
| 16 Regular expenses from operation of business, profession, or farm (attach detailed statement) | | 0 |
| 17 Other expenses: school | | 400.00 |

**18 AVERAGE MONTHLY EXPENSES** (Report also on Summary of Schedules and Statistical Summary of Certain Liabilities, Data)      $ 980.00

19 Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:  None

20 STATEMENT OF MONTHLY NET INCOME

| | |
|---|---|
| a Average monthly income from Line 16 of Schedule I | $1,360.00 |
| b Average monthly expenses from Line 18 above | $ 980.00 |
| c Monthly net income (a minus b) | $ 380.00 |

In re David Piatek,   Debtor(s) Case No.
B6 Declaration (Official Form 6 - Declaration) (12/07)

DECLARATION CONCERNING DEBTOR'S SCHEDULES

DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___ sheets, and that they are true and correct to the best of my knowledge, information and belief.


Date

Signature:     **/S/ David Piatek**

                **David Piatek**


Date

Signature:     **/S/**


(In joint case, both debtors must sign)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DECLARATION UNDER PENALTY ON BEHALF OF A CORPORATION

I, the_____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that I declare that they are true and correct to the best of my knowledge, information and belief.


Date _____

                    _____
                    Signature


                    _____
                    (Print or type the name of individual signing for debtor)
(An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§152 and 3571.


[DECLARATION OF NONATTORNEY BANKRUPTCY PETITION PREPARER OMITTED]

B7 (Official Form 7) (12/07)

UNITED STATES BANKRUPTCY COURT
NORTHERN EASTERN DISTRICT OF ILLINOIS

In re: **David Piatek,**        Debtor(s)        Case No.

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

1. Income from employment or operation of business

    State the gross amount of income the debtor has received from employment, trade or profession, or from operation of the debtor's business, including part-time activities either an employee or in independent trade or business, from the beginning of this **calendar year** to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

| AMOUNT | | SOURCE (if more than one) |
|--------|--|---------------------------|
| 2010 $1,400.00, | | Depart of   Defense Soldier;   Salary from being bank |
| 2009 | $27,510. | teller |
| 2009 16,220. | | |
| 2008 none | | |

2. Income other than from employment or operation of business

    State the amount of income received by the debtor other than from employment trade or profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of the case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.).

AMOUNT                    SOURCE
[X] NONE

3. Payments to creditors

**Complete a. or b., as appropriate, and c.**

a. *Individual or joint debtors with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts, to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes  or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nnonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must state payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| [X] NONE | | | |

b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| [X] NONE | | | |

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments of either or both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| [X] NONE | | | |

4. Suits and administrative proceedings, executions, garnishments and attachments

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT/AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| [X] NONE | | | |

b. Describe all property that has been attached, garnished, or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

[X] NONE

5. Repossessions, foreclosures and returns

List all property that has been repossessed by a creditor, sold at foreclosure sale, transferred through a deed in lieu of foreclosure or returned to a seller within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE, SALE TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Citifinancial | 2009 | Vehicle repossessed |

6. Assignments and receiverships

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

[X] NONE

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME, LOCATION OF COURT, CASE TITLE AND NUMBER | DATE OF ORDER | DESCRIPTION, VALUE OF PROPERTY |
|---|---|---|---|

[X] NONE

7. Gifts

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than  $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

[X] NONE

8. Losses

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES, AND IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

[X] NONE

## 9. Payments related to debt counseling or bankruptcy

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR, IF OTHER THAN DEBTOR | AMOUNT OF MONEY, OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Keil Larson | Dec 2009 | 1000 |

## 10. Other transfers

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE; RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

[X] NONE

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

[X] NONE

## 11. Closed financial accounts

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, saving, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations and brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT; AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

[X] NONE

## 12. Safe deposit boxes

List each safe deposit or other box or depository in which the debtor has or had securities, cash or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or

depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER INSTITUTION | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

[X] NONE

**13. Setoffs**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

[X] NONE

**14. Property held for another person**

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

[X] NONE

**15. Prior address of debtor**

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 24610 W Rollins Dr Round Lake Il 60073 | David Piatek | 2003-2008 |

**16. Spouses and Former Spouses**

If the debtor resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

[X] NONE

**17. Environmental Information**

For the purposes of this question, the following definitions apply:

An "Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or materials into the air, land, soil, surface water, groundwater, or other medium, including but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

A "Site" means any location, facility, or property as defined by any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including but not limited to, disposal sites.

A "Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and , if known, the Environmental Law.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

[X] NONE

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

[X] NONE

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

[X] NONE

18. Nature, location and name of business

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession or other activity either full-time or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOC. SEC. NO./ COMPLETE EIN OR OTHER TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Universal Financial Services | 36-4468103 | 7017 W Higgins Rd Chicago, Il 60656 | Residential Mortgage Broker | 2001-2008 |

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. 101.

| NAME | ADDRESS |
|---|---|

[X] NONE

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting securities of a corporation, a partner, other than a limited partner, of a partnership; a sole proprietor, or otherwise self-employed.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)

**19. Books, records, and financial statements**

a. List all bookkeepers and accountants who within the **two** years immediately preceding the filing of this bankruptcy case, kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATE SERVICES RENDERED |
|---|---|
| Certified Consulting and Accounting Services | 2001 to 2009 |
| 3415 Church Street Skokie Il | |

b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and record, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| Certified Consulting and Accounting Services | 3415 Church Street Skokie Il | 2001 to 2009 |

c. List all firms or individuals who at the time of commencement of this case were in possession of the books of account or records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| Accountant above and me. | |

d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

None.

**20. Inventories**

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market, or other basis) |
|---|---|---|

None.

b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

None.

**21. Current Partners, Officers, Directors and Shareholders**

       a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

       b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds, 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| I owed 100% of this business. Business dissolved in 2008 or early 2009 | | |

**22. Former partners, officers, directors, and shareholders**

       a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

       b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

None.

**23. Withdrawals from a partnership or distributions by a corporation**

       If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

None.

**24. Tax Consolidation Group**

       If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six year period immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER |
|---|---|

None.

**25. Pension Funds**

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension number to which the debtor, as an employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of the case.

NAME OF PENSION FUND                    TAXPAYER IDENTIFICATION NUMBER


None.

* * * * * *

[To be completed by individual or individual and spouse]

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.


Date

        Signature:      **/S/ David Piatek**
                                **David Piatek**


Date

        Signature:      */S/*

                                (In joint case, both debtors must sign)

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §152 and 3571.*

[DECLARATION/SIGNATURE OF NONATTORNEY BANKRUPTCY PETITION PREPARER OMITTED]

B8 (Official Form 8) (12/08)

UNITED STATES BANKRUPTCY COURT
NORTHERN EASTERN DISTRICT OF ILLINOIS

In re:      **David Piatek,**
            Debtor(s)                               Case No:

                                                         Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1—none. | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |
| Property will be: *(check one)* <br>     Surrendered                          Retained <br><br> If retaining the property, I intend to *(check at least one):* <br>     Redeem the property <br>     Reaffirm the debt <br>     Other: Explain <br>     (for example, avoid lien using 11 U.S.C. 522(f)). <br><br> Property is *(check one):* <br>     Claimed as exempt                   Not claimed as exempt | |

| Property No. 2—none. | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |
| Property will be: *(check one)* <br>     Surrendered                          Retained <br><br> If retaining the property, I intend to *(check at least one):* <br>     Redeem the property <br>     Reaffirm the debt <br>     Other: Explain <br>     (for example, avoid lien using 11 U.S.C. 522(f)). <br><br> Property is *(check one):* <br>     Claimed as exempt                   Not claimed as exempt | |

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1—none. | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2): <br>     YES              NO |

| Property No. 2 | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2): <br>     YES               NO |

| Property No. 3 | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2): <br>     YES               NO |

_____ continuation sheets attached (if any)

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date

Signature:    **/S/ David Piatek**

              **David Piatek**

Date

Signature:    /S/

              (In joint case, both debtors must sign)